Anthony REED *v.* STATE of Arkansas

CR 84-2                                    669 S.W.2d 192

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*William R. Simpson, Jr.,* Public Defender, and *Arthur L. Allen,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. Appellant's sole contention on appeal is that the trial court erred during the penalty phase of the trial in permitting the State to introduce evidence of three previous felony convictions. We affirm.

The appellant, Anthony Reed, was charged by amended information with burglary, aggravated robbery, and attempted rape. In addition, the information alleged that the appellant had previously been convicted of more than two felonies, for which his sentence should be enhanced according to Ark. Stat. Ann. § 41-1001 (Supp. 1981). A jury found the appellant guilty of burglary and aggravated robbery and, having found him to be an habitual offender, assessed sentences for the crimes of thirty years and of life imprisonment, respectively. The jury also found the appel-

lant guilty of the lesser offense of criminal attempt to commit sexual abuse in the first degree and sentenced him to one year in the county jail. The court ordered that the thirty years and the life sentence run consecutively to each other and to any other terms being served by the appellant. The misdemeanor conviction was merged into the felonies. This appeal is before us under Sup. Ct. Rule 29(1)(b).

The appellant argues that because the amended information alleged that he had "more than two" prior convictions, the State should have been limited to proving only two convictions, instead of the seven prior felony convictions that were offered into evidence. As authority for this proposition, the appellant cites our holding in *Clinkscale* v. *State*, 269 Ark. 324, 602 S.W.2d 618 (1980) where we limited the State to the use of two prior felonies when the information alleged that the defendant was guilty of "two or more" prior felonies. In *Clinkscale* we said:

> There is nothing at all to the State's argument that because an information alleges two or more convictions, more than two can be admitted against a criminal defendant. Allegations of prior convictions are just like essential elements of a crime, only those that are alleged can be used.

The phrase "two or more" clearly implies that the State intends to introduce a minimum number of two convictions. The phrase "more than two" on the other hand clearly mandates that the State offer at least *three* convictions. The phrases, therefore, are not identical and the rationale of *Clinkscale* does not apply. The trial court acknowleged the meaning of the phrase "more than two" when it instructed the jury that "a person is an habitual offender if he has been previously convicted of at least three other felonies." Furthermore, at the time the information was filed, Ark. Stat. Ann. § 41-1001 (Supp. 1981), the enhancement statute, provided that "[A] defendant who is convicted of a felony and who has previously been convicted of *more than two (2) felonies* . . . may be sentenced to an extended term of imprisonment." (emphasis added) The amended information therefore merely tracked the language

of the statute. Although that language was subsequently changed by the 1983 amendment, the substantive law in effect on the date of the offense governed. *Gilbert* v. *State,* 277 Ark. 61, 639 S.W.2d 346 (1982). Therefore, we hold that the language "more than two" previous convictions does not limit the State to proving only two prior felonies.

The appellant also argues that the rationale of *Clinkscale* is applicable even under the 1981 habitual criminal statute because *Clinkscale* clearly holds that the number of prior convictions is an essential element which must be pleaded and proved with specificity. The appellant maintains that an allegation of "more than two" prior convictions is too vague to inform a defendant adequately of the charge against him. In addition, the appellant argues that there was no indication which of the felonies were the object of the burglary or breaking and entering charge they accompanied. As to the latter argument, Ark. Stat. Ann. § 41-1001(2) (Supp. 1981) provides:

(2) For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.

The State introduced evidence in the penalty phase of the trial that the appellant had been convicted of robbery and burglary (82-1552); breaking and entering and aggravated robbery (82-1544); and burglary, aggravated robbery and rape (82-1549). In *Ellis* v. *State,* 270 Ark. 243, 603 S.W.2d 891 (1980) we held that the court erred in allowing the introduction of the defendant's previous conviction of burglary and theft of property as evidence of two separate prior felonies. In that case we found that the burden is on the prosecution to offer proof that the attending felony is not the object of the burglary. In *Ellis,* if that defendant's prior convictions were counted as one offense, he no longer fell within the ambit of the habitual offender's act. That is not the case here. Looking at the situation in the light most favorable to the appellant, if each of the cases against him

had constituted only one charge instead of seven, there was still evidence of three prior convictions which is all the State needed to prove based on an indictment alleging "more than two."

The appellant's allegation of vagueness is also without merit. Although the State must give a defendant notice that it intends to charge him as an habitual criminal and must then prove those charges, we have held that the habitual criminal act "simply authorizes a more severe punishment. It does not create a distinct additional offense or independent crime but simply affords evidence to increase the punishment and to furnish a guide for the court or jury in fixing the final punishment in event of conviction of the offense charged." *Finch* v. *State,* 262 Ark. 313, 556 S.W.2d 434 (1977).

The purpose of the requirement that the State allege the previous offenses in the indictment is to afford the defendant notice and give him an opportunity to refute the charges. Here, the appellant was placed on notice by the amended information that he was being charged as an habitual offender with a minimum of three convictions. Furthermore, the appellant's attorney represented him in the three previous trials, so there can be no showing of inadequate notice. In *Jones* v. *State,* 270 Ark. 328, 605 S.W.2d 7 (1980) we held:

> The defense attorney in the trial of the present case was the attorney on all three of the prior convictions. He had knowledge of the three alleged felonies that the state intended to prove from the date of the amended information. He made no objection to their introduction, and he did not take advantage of the opportunity to challenge or rebut the state's contention that all three were felony convictions. It is too late to raise the question on appeal. (cite omitted) Regardless, he was only found to have been convicted of two or more prior felonies; thus, no prejudice resulted to appellant even if the disputed judgment had been a misdemeanor.

The same is true here. Although the appellant's attor-

ney did object to the introduction of the prior convictions, he objected to the introduction of any more than two; he did not object to the evidence of each conviction or to the State's failure to prove that the attending felony was not the object of the burglary. We have held that an appellant may not change his grounds for an objection on appeal. *Ulmer* v. *State,* 253 Ark. 106, 484 S.W.2d 691 (1972). Because of the foregoing and because of the lack of prejudice to the appellant, we affirm the trial court. We have reviewed the entire record for prejudicial error as required by Sup. Ct. Rule 11(f) and Ark. Stat. Ann. § 43-2725 (Supp. 1973) and have found none. This Court has already affirmed some of the issues in this case in *Reed* v. *State,* 280 Ark. 316, 657 S.W.2d 557 (1983) and *Reed* v. *State,* 281 Ark. 201, 662 S.W.2d 821 (1984).

Affirmed.