WARD, Judge.
After a trial by jury, Marion Hill was convicted of simple burglary and sentenced to three years imprisonment. Hill has appealed, arguing that the Trial Judge erred in his pre-trial rulings which denied both a motion to suppress an identification of Hill .and a motion to suppress the evidence seized by the police.
The following described facts support the Trial Judge’s rulings; therefore we affirm both Hill’s conviction and sentence.
On June 29, 1983, Mr. Chuck Patel, the owner and manager of the Royal Inn Motel on Chef Menteur Highway in New Orleans was awakened at approximately 5:00 a.m. when the motel’s alarm system signaled that someone was disconnecting the television set in room 28. Patel rang the telephone in room 28, and when no one answered, he went to investigate. He saw a man wearing a baseball cap, a light colored t-shirt, and blue jeans with gloves in the pocket leave room 28 and drive from the motel in a white over blue car with a luggage rack on top. Patel went to room 28 where he found the back window broken and the television set disconnected. He returned to the office and called the police.
When the police arrived, Patel gave a description of the man, his clothing, the automobile, and a partial license number. While the police were investigating the burglary, Patel called the nearby Quality Inn Motel, warning Robert Guyton, the night manager, that a burglar was in the neighborhood and describing the man who committed the burglary of room 28. Coincidentally, at the time Patel called Robert Guy-ton, Guyton was detaining in his office a man whose activities at the Quality Inn had aroused Guyton’s suspicion. Several hours earlier that night, Guyton had observed the man drive a car through the motel driveway toward the rear of the motel and then leave in the car without registering. Shortly before Patel called, Guyton had again observed the man in the rear of the motel, and since he had not registered as a guest, Guyton confronted him and brought him to the front office to question him. It was then that Guyton received the telephone call from Patel, describing the burglar of room 28 of the Royal Inn Motel. Guyton told Patel that a man fitting that description was there, in his office.
Patel and the police immediately went to the Quality Inn Motel where Patel identified Marion Hill as the man he saw leaving room 28 at the Royal Inn Motel. Without advising Hill of his rights, the police questioned Hill who told them his automobile was parked next door in the parking lot of an abandoned restaurant. The police and Patel walked next door to the lot where Patel identified the car as the one Hill drove from the Royal Inn Motel. After this, the police advised Hill that he was under arrest and seized the car.
Although Hill strongly urges that Patel’s identification should be suppressed as a one-on-one suggestive identification, we hold the Trial Judge was correct when he denied the motion. Undoubtedly a suggestive identification may occur when police first arrest a suspect outside the presence of the victim, and then return the suspect to the victim for a one-on-one identification. But when the victim, in the presence of the police, first points out someone as the perpetrator of a crime, and the police then arrest that person, there is not a suggestive identification issue, for the police have not suggested to a victim that he should identify an arrestee as the perpetrator of a crime. This situation is presented by the instant case. The police did not suggest to Patel that someone they had arrested was the burglar whom Patel should identify; rather, Patel identified Hill as the burglar, suggesting, at least inferentially, that the police should arrest him.
*523 Furthermore, even if it is conceded that this is an identification issue, a one-on-one suggestive identification may be admitted as evidence if five indicia of reliability demonstrate that the identification is accurate. Those indicia are: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness’ degree of attention; 3) the accuracy of the witness’ description; 4) the level of certainty demonstrated at the confrontation; 5) the time lapse between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Applying these five indicia of reliability to Guyton’s identification of Hill indicates that the Trial Judge was correct when he denied the motion to suppress.
Hill also contends the Trial Judge erred in denying the motion to suppress the evidence seized by police. His argument is that since seizure of his car was the product of a statement obtained in violation of Miranda, the photographs of the car and the testimony about it should have been suppressed pursuant to the Exclusionary Rule.
We agree that Hill’s statement was obtained in violation of Miranda, however, we hold the seizure of the automobile is not tainted “fruit of the poisonous tree”. The United States Supreme Court recently adopted the ultimate or inevitable discovery exception to the Exclusionary Rule. Nix v. Williams, — U.S.-, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). This exception, which had long been recognized by the lower courts, permits admission of evidence which is the product of an unconstitutional search, seizure or interrogation where the record supports a finding that the evidence inevitably would have been discovered by means independent of the improper police conduct.
The record in Hill’s case fairly supports the finding that the automobile would have been discovered and linked to Hill even without the aid of the illegally obtained statement: the police had an accurate and detailed description of the car which they had broadcast over the police radio; the car was not hidden, but parked in open view in a parking lot behind a restaurant, which although closed, was located on a busy highway; and the car was only a short distance from where Hill was arrested. Under these facts, we hold that the Trial Judge did not err when he denied Hill’s motion to suppress evidence of the automobile.
In conclusion, we agree with the Trial Court’s ruling on both motions to suppress, and affirm Hill’s conviction and sentence.
Affirmed.