WALTZER, Judge.
The defendant was charged with simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2. He filed a motion to suppress evidence, which was granted, and a motion to suppress identification, which was denied. He took writs to this Court seeking review of the denial of his motion to suppress the identification, but this Court denied writs on March 12, 1992, finding that the relator had an adequate remedy on appeal. State v. Van Buren, unpub. (92-K-0503, La.App. 4th Cir., March 12, 1992). A twelve member jury found the defendant guilty as charged, and he was originally sentenced to six years at hard labor, which, after the State charged the defendant under the Habitual Offender Statute, the trial court vacated and re-sentenced so that the first year would be served without benefit of parole, probation or suspension of sentence.
The defendant now appeals the conviction. The defendant argues that both the *457 one-on-one identification made immediately after the defendant was apprehended and the in court identification by the witnesses, Nathaniel Brown and Ezekiel Brumfield, were unconstitutionally obtained and should have been suppressed.
The pertinent facts of the case are virtually undisputed. Nathaniel Brown and Ezekiel Brumfield testified at trial that they are next door neighbors on Metropolitan Street. They knew that the family.who lived across the street from their houses left their home at 8:00 a.m. on a regular basis. On November 4, 1991 at 8:30 a.m., they noticed a man through the open curtains of the house. They each saw his face. The man exited the house and Brown and Brumfield chased him several blocks to Piety Street. The man ran into the back door of a house. Brown turned to go back to see if the police had been summoned, but saw that the police were on their way and flagged them down. Brown and Brumfield told the officers the perpetrator was inside 3109 Piety. They described him as 5'11"-6', 18-20 years old, wearing a white cap, brown coat, and burgundy jogging pants. Officer Patrick Young testified he and his fellow officers surrounded the house and knocked on the door. Kinsey Dillon, an elderly man, answered. He told the police he had been asleep on the sofa in the front living room. The officers informed him a suspect had entered the house, and Dillon let the officers inside. Upon entering, they found two men in the house. One was 6'5" and had a large Afro hairstyle. The other was lying on a sofa wearing brown shorts. The brown jacket was next to the sofa. The white cap was on the sofa. The burgundy sweat pants were under the sofa.
The officers told the man on the couch, Eric Van Burén, to get up and get dressed. The defendant put on a sweatshirt and jeans, but was allegedly told to put on the brown coat and white hat before leaving the house. The officers brought him outside where Brown and Brumfield identified him. Both witnesses testified at trial and at the pre-trial hearing to suppress the identification that the defendant was wearing the brown jacket and white hat. Officer Young testified at trial that the defendant was not wearing the jacket and hat, but. that Young himself was carrying the jacket, the hat and the sweat pants.
ASSIGNMENT OF ERROR ONE:
The defendant argues that the trial court erred in denying his motion to suppress the one-on-one identifications. One-on-one identifications have been long disfavored by Louisiana courts. However, when the circumstances necessitate such a procedure and when the identification is not overly suggestive to violate the defendant’s due process rights, such an identification may be allowed. State v. Bickman, 404 So.2d 929 (La.1981); State v. Dunbar, 356 So.2d 956 (La.1978); State v. Frank, 344 So.2d 1039 (La.1977); State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990). The defendant claims that the in-field identification in the present case was unjustified due to the fact that he was made to don the clothes that matched the description given by the witnesses.
There are no Louisiana cases dealing with the exact situation in this case where the defendant was made to wear the clothes found beside him, which had been described by the witnesses. However, in the Louisiana Supreme Court case State v. Frank, the Court found a somewhat similar situation not overly suggestive or viola-tive of the defendant’s due process rights. State v. Frank, 344 So.2d at 1041. In Frank, the defendant was identified one-on-one at the scene of the crime after having been apprehended following a chase, during which the police officers saw the defendant changing clothes. When the police brought the defendant back to the scene of the crime, the witness was unable to positively identify him as the assailant. The police then put on the defendant the knit cap, striped coat, and sunglasses found on him when apprehended, at which point the witness positively identified the defendant. Our Louisiana Supreme Court did not find this behavior by the police officers overly suggestive or a violation of the defendant’s due process rights. Id. at 1041.
In the present case, the clothes which the defendant was made to wear *458 were not found on him, but rather beside him. Furthermore, in this case, the trial judge sustained defendant’s motion to suppress the clothes, which the trial judge found were illegally seized. Nevertheless, the in-field identification in this case was not so suggestive that it constituted a violation of the defendant’s due process rights.
The cases cited by the defendant are distinguishable from this case in that the identifications complained of in those cases arose from pretrial lineups where the defendants were attired in clothing similar to that worn by the assailants and which were not conducted shortly after the crimes were committed. See Plummer v. State, 270 Ark. 11, 603 S.W.2d 402 (Ark.1980); Penister v. State, 74 Wis.2d 94, 246 N.W.2d 115 (Wis.1976); People v. Franklin, 22 Ill.App.3d 775, 317 N.E.2d 611 (Ill.App. 1 Dist.1974); State v. Boyd, 294 A.2d 459 (Me.1972); Crume v. Beto, 383 F.2d 36 (5th Cir.1967), cert. den. 395 U.S. 964, 89 S.Ct. 2106, 23 L.Ed.2d 749 (1969).[1]
Here, unlike in the cases cited above, the identifications were made shortly after the burglary was committed, and they were not the product of a lineup. Thus, the consideration in the above-cited cases, that the display of the defendant in the clothes worn by the perpetrator would single him out from the others in the lineup, was not present here.
In State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990), this Court set forth the test for determining whether an identification is unduly suggestive:
When reviewing an out-of-court identification procedure for its constitutionality and hence its admissibility in court, the appellate court must first make a determination of whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Amos, 550 So.2d 272 (La.App. 4th Cir.1989); State v. Holmes, 550 So.2d 249 (La.App. 4th Cir.1989), writ den. 556 So.2d 56 (La.1990); State v. Lee, 545 So.2d 1163 (La.App. 4th Cir.1989). If the court finds in the alternative, the court must then decide, under all the circumstances, if the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Manson, supra; Prudholm, supra; State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988), writs den. 531 So.2d 471 (La.1988). In Manson, the Court set forth a five-factor test to determine whether the identification was reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. Id. 570 So.2d at 535-536.
The witnesses testified that they both got a good look at the burglar’s face as he ran from them and looked back at them while they were chasing him. Both witnesses were certain that the defendant was the man they chased. They both admitted that the clothing, which matched those in the description that they gave to the officers, helped them identify the defendant, but each witness maintained that his identification was based mostly upon the fact that the defendant’s face matched that seen by the witnesses. Only a very short time had passed between the chase of the burglar into the house and their identifications. Given those factors, it does not appear that the identifications were unduly suggestive, nor was there a substantial likelihood of misidentification. Thus, the trial court did not err by refusing to sup *459 press the identifications based upon the argument that they were suggestive.
This assignment is without merit.
ASSIGNMENT OF ERROR TWO:
During his well argued oral argument before this Court, defense counsel raised the claim that the identification should have been suppressed due to the fact that the clothes used had been illegally seized. Defense counsel argued that the positive identification was made solely due to the illegally seized clothes worn by the defendant, and that the identification was thus a fruit of the poisonous tree. This argument is analogous to the issue addressed many years ago in the U.S. Supreme Court case Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Under Wong Sun, evidence which was the product of an unconstitutional search, seizure, or other activity should be excluded. However, an exception to the exclusionary rule exists and evidence is admissible where the record indicates that the evidence would have inevitably been discovered or obtained in a legal fashion. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). This Circuit has adopted the legal principles set forth by the above cases. State v. Guy, 575 So.2d 429, 437 (La.App. 4th Cir.1991), writ den., 578 So.2d 930 (La. 1991); State v. Hill, 458 So.2d 521, 523 (La.App. 4th Cir.1984).
Identifications are distinct from the type of evidence which existed in the cases cited above. While the State may often be able to show that evidence illegally seized would have been obtained in a legal manner, the same argument does not exist for an unconstitutional identification. However, in order for an identification to be considered a fruit of the poisonous tree, the identification must be based on some illegal activity by the State. Therefore, for us to hold that the identifications in the present case were fruit of the poisonous search and seizure, this Court must find that the positive identifications were a direct result of the police’s use of the illegally seized clothes.
The record of this case indicates that the witnesses, Brown and Brumfield, sufficiently identified the defendant without the benefit of the illegally seized clothes. Their identifications are therefore admissible and not fruit of the poisonous tree. They both testified, at the identification hearing and at trial, that they got a good look at his face when they saw him in the house across the street and while they were chasing him. Even though the illegally seized clothes should not have been used for the identifications, we cannot conclude that the identifications would not have been made but for the illegally seized clothes. After our review of the record, we believe that the witnesses identified the defendant without the benefit of the illegally seized clothes. For this reason, the assignment of error is without merit.
ASSIGNMENT OF ERROR THREE:
The defendant argues the trial court erred by refusing to suppress in-court identifications of the defendant because they were tainted by the unconstitutional one-on-one identifications.
Trial counsel failed to object to the in-court identifications during trial. Thus, the defendant is precluded from raising the suggestiveness of the identifications on appeal because of the failure to make a contemporaneous objection at trial. C.Cr.P. art. 841. State v. Wright, 410 So.2d 1092 (La.1982); State v. Holmes, 590 So.2d 834 (La.App. 4th Cir.1991). In addition, as set out above, the one-on-one identifications were not unconstitutional. This assignment is therefore without merit.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.

. The defendant also cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, the main issue in Wade was whether forcing a defendant to speak certain words in a lineup which were used by the perpetrator violated his Fifth Amendment right to silence. In its discussion, the Court cited Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), where the Court found that forcing a defendant to try on a blouse which supposedly fit the perpetrator did not violate his Fifth Amendment rights.