The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This opinion is in response to your recent questions regarding habitual offender allegations that must be included in criminal informations.
You have presented several questions, which have been restated as follows:
 (1) Under A.C.A. § 5-4-501, must the allegation of prior convictions in a criminal information specifically state:
 (a) The actual number of prior felony convictions being relied upon by the State for enhancement of punishment, as opposed to more general language which would allow for additional proof at trial if needed?
 (b) The specific felony convictions which are being relied upon by the State?
(c) The date the prior convictions were rendered?
(d) Other specifics about the prior convictions?
 (2) Are the examples of habitual allegations under A.C.A. §§ 5-4-501(a)-(d), listed on Attachment "A", legally sufficient to be a "statement of defendant's prior convictions," referred to in Att'y Gen. Op. No. 95-259?
 (3) Should habitual allegations pursuant to A.C.A. § 5-4-501(c) or (d) include a reference to "felonies involving violence," so as to distinguish them from allegations made pursuant to A.C.A. § 5-4-501(a) or (b)?
(4) Should habitual allegations refer to:
 (a) The "one or more separate and distinct prior occasion" language in A.C.A. § 5-4-501(c), so as to distinguish them from allegations made pursuant to A.C.A. § 5-4-501(a), (b), or (d)?
 (b) The "two or more separate and distinct prior occasions" language in A.C.A. § 5-4-501(d), so as to distinguish them from allegations made pursuant to A.C.A. § 5-4-501(a), (b), or (c)?
RESPONSE
Question 1(a) — Under A.C.A. § 5-4-501, must the allegation of priorconvictions in a criminal information specifically state the actualnumber of prior felony convictions being relied upon by the State forenhancement of punishment, as opposed to more general language whichwould allow for additional proof at trial if needed?
It is my opinion that the allegation of prior convictions in a criminal information must state the minimum number of prior convictions that is statutorily required as a foundation for assessing the specific level of enhanced punishment that the State is seeking. If there is a possibility that the prosecutor will seek to present proof of additional previous convictions in order to seek a higher level of enhanced punishment, the original information must at least state the minimum number of convictions that is required for the higher range of punishment that the State may seek.
I base these conclusions on the decisions set forth by the Arkansas Supreme Court in various cases involving challenges to the sufficiency of criminal informations or indictments. These cases, of course, were all decided prior to the passage of the most recent amendments to A.C.A. §5-4-501 (i.e., the "two-strikes" and "three-strikes" provisions). Nevertheless, in light of the fact that these amendments to A.C.A. §5-4-501 did not change the general law with regard to the sufficiency of criminal informations and indictments, these cases continue to be controlling law.
The Requirement of Stating the Minimum Number of Prior Convictions
Generally speaking, the law requires that in order to create a foundation for seeking enhanced punishment under the applicable habitual offender statutes, a criminal information must set forth the elements that are required to establish the applicability of such statutes. The court so held in Finch v. State, 262 Ark. 313, 556 S.W.2d 343 (1977), stating:
 Whenever the state seeks to charge one as a previous offender or a habitual criminal in order to warrant the imposition of additional punishment for the offense charged, the previous offense is an essential element in the punishment, which must be alleged in the indictment or information. [Citations omitted.] The purpose of this requirement is to afford appellant notice of essential elements on which the state relies for assessment of punishment and to give him opportunity to refute such assertions. [Citations omitted.]
Finch, 262 Ark. at 316. This statement indicates that at the very least, the fact of the existence of a prior conviction is an essential element that must be alleged in the information in order to seek enhanced punishment. It follows, therefore, that if the enhanced punishment being sought requires the existence of a particular number of previous convictions, that number is also an essential element that must be alleged if that heightened level of punishment is to be obtained.
This conclusion is borne out by the Arkansas Supreme Court's decision inReed v. State, 282 Ark. 492, 669 S.W.2d 192 (1984). The criminal information that was at issue in that case had alleged that the defendant had been convicted of "more than two" previous offenses. On the basis of that allegation, the State presented evidence of more than two previous offenses and sought the enhanced punishment that the habitual offender statute prescribed for defendants having at least three previous offenses. The defendant argued on appeal that the State should have been limited to presenting evidence of only two previous offenses, because of the wording of the habitual allegation in the information. The court, however, interpreted the allegation in the information to mean that the State intended to prove a minimum of three previous offenses. It was therefore a sufficient basis upon which to allow the State to present evidence to establish three or more previous offenses, thus qualifying the defendant to receive the level of punishment prescribed for habitual offenders who have at least three previous offenses. In so holding, the court stated:
 The purpose of the requirement that the state allege the previous offenses in the indictment is to afford the defendant notice and give him an opportunity to refute the charges. Here, the defendant was placed on notice by the amended information that he was being charged as an habitual offender with a minimum of three convictions.
Reed, 282 Ark. at 496.
The court further clarified its position on this issue in Malone v.State, 292 Ark. 243, 729 S.W.2d 167 (1987). The habitual offender statute that governed that case provided for two ranges of punishment: One range for defendants who had "more than one, but less than four" previous felony convictions, and another range for defendants who had "four or more" previous felony convictions. The information alleged that the defendant had been previously convicted of "four or more felonies." One of the defendant's arguments on appeal was that the court had erred in allowing the state to introduce evidence of more than four previous convictions and in instructing the jury that that the defendant had eight previous convictions. The court rejected the argument, explaining that because the information had alleged "four or more" previous convictions, the defendant had been given notice of the higher range of punishment that was triggered by the existence of at least four previous convictions. The crucial allegation in the information (with regard to range of punishment), therefore, is that which triggers (or establishes the lower end of) a given range of punishment. Addressing this point, the court stated:
 The statute controlling the appellant's case is set out above ["more than one but less than four" and "more than four"]. The second and fourth finding of prior guilt or conviction places the defendant in a higher range for the purpose of enhancement of punishment. It would be error to allow the state to prove "four or more" priors when the information charges the defendant with only "two or more" felonies because a more severe range of punishment for the offense is invoked when four or more priors are established. When the state alleges "two or more" prior felonies, the accused is justified in believing that he will not have to face the introduction of" four or more" prior convictions at trial. On the other hand, if the state alleges "four or more" there is no limit to the number which may be proven.
Malone, 292 Ark. at 248.
Under the provisions of A.C.A. § 5-4-501, as amended (and even prior to amendment), the level of punishment that can be assessed against a defendant is directly related to and dependent upon a minimum number of previous convictions alleged and proved. Therefore, the minimum number of previous convictions that is required for a certain level of punishment is an essential element that must be alleged in order to obtain that level of punishment. If the information recites the minimum number of prior convictions necessary to obtain a lesser range of enhanced sentencing, the state cannot adduce proof upon which a greater range of enhanced sentencing can be obtained.
Accordingly, I conclude on the basis of the Malone and Reed decisions that if enhanced punishment is to be sought pursuant to the provisions of A.C.A. § 5-4-501, the criminal information must allege at least the minimum number of previous convictions that is required for the particular punishment sought. In lieu of an allegation of this nature, a citation to the specific section of the code upon which the State is relying would probably suffice as adequate notice to the defendant of the minimum number of previous convictions that the State will attempt to prove.
General Allegations to Allow for Additional Proof
The habitual offender allegation that is contained in a criminal information can be general and allow for proof of additional previous convictions as long as it sets forth the minimum number of convictions that the State would have to prove for the particular range of punishment that the State will seek. Examples of this type of general allegation are those which were at issue in Reed, and Malone, supra. As indicated previously, the State in Reed was allowed to put on proof of seven previous convictions, even though the information had alleged generally that the defendant had "more than two" previous convictions. The court allowed the assessment of the punishment that was prescribed for defendants having at least three previous convictions, because the State had alleged and proved at least three. (It is significant that three previous convictions were required to bring the defendant within the ambit of the habitual offender statute.)
Similarly, in Malone, supra, the information alleged generally the existence of "four or more" previous convictions. The court allowed the state to prove eight previous convictions. The Arkansas Supreme Court upheld the trial court's allowance of such proof, because eight convictions fell within the range of punishment triggered by the existence of at least four previous convictions, which the information had alleged.
As a point of reference in drafting acceptable habitual allegations in a criminal information that will allow proof of additional offenses, the following language from Reed (where the language "more than two" allowed for additional proof) is notable:
 [A]t the time the information was filed, . . . the enhancement statute . . . provided that "[a] defendant who is convicted of a felony and who has previously been convicted of more than two felonies may be sentenced to an extended term of imprisonment.". . . The amended information therefore merely tracked the language of the statute.
Reed, 282 Ark. at 495 (emphasis added). This quotation indicates that the safest course of action will be to use the language set forth in the applicable habitual offender statute, as was done in Malone. Indeed, as indicated previously, a viable alternative to the allegation requirements discussed above would be a citation to the specific code section upon which the State relies for enhanced punishment. In my opinion, such a specific citation to the code would suffice to give the defendant adequate notice of the range of number and types of previous offenses that the State will attempt to prove.
Question 1(b) — Under A.C.A. § 5-4-501, must the allegation of priorconvictions in a criminal information specifically state the specificfelony convictions which are being relied upon by the State?
It is my opinion that the allegation of prior convictions in a criminal information need not specifically state the particular felony convictions being relied upon by the State.
I base this conclusion in part upon the decision in Reed, supra. There, the defendant argued that the habitual allegation contained in the criminal information that was at issue in that case was insufficient because it did not identify with specificity the particular "more than two" previous convictions upon which the State relied for enhanced punishment. (The defendant's theory was that the State might be relying on multiple offenses that were not separable for purposes of the habitual offender statute.) The court rejected the argument. In doing so, the court stated: "Looking at the situation in the light most favorable to the appellant, if each of the cases against him constituted one charge instead of seven, there was still evidence of three prior convictions,which is all the State needed to prove based on an indictment alleging "more than two." Reed, 282 Ark. at 496 (emphases added). This language indicates that the State could prove any three previous felonies, and that it was immaterial what the specific felonies were.
The provisions of A.C.A. § 5-4-501 are more specific than those of the habitual offender statute that was applicable to the situation in Reed.
The statute now sets forth groups of certain specific offenses that will trigger the applicability of certain levels of punishment. Because the groups differ for each level of punishment, I conclude that it is essential that the criminal information give the defendant notice of the particular range of possible enhanced sentencing and minimum number of prior felony convictions necessary to bring him within that range. In my opinion, a statement of the specific code section will suffice to give the defendant notice.
Question 1(c) — Under A.C.A. § 5-4-501, must the allegation of priorconvictions in a criminal information specifically state the date theprior convictions were rendered?
It is my opinion that the allegation of prior convictions in a criminal information need not state the date upon which the prior convictions were rendered. The Arkansas Supreme Court has repeatedly held that the date on which a prior conviction occurred is immaterial to the question of whether that conviction may be used as a basis upon which to impose enhanced punishment upon the defendant. See Gillie v. State, 305 Ark. 296,808 S.W.2d 320 (1991); Washington v. State, 273 Ark. 482, 621 S.W.2d 216
(1981); Conley v. State, 272 Ark. 33, 612 S.W.2d 722 (1981).
Moreover, the underlying elements of the defendant's prior convictions, including the time at which the offense occurred, are not subject to attack by the defendant in the subsequent proceeding. Hill v. State,275 Ark. 71, 628 S.W.2d 285 (1982); Harris v. State, 273 Ark. 355,620 S.W.2d 289 (1981).
Question 1(d) — Under A.C.A. § 5-4-501, must the allegation of priorconvictions in a criminal information specifically state other specificsabout the prior convictions?
This question does not indicate the particular "specifics" that are the subject of the inquiry. The answer may depend upon the particular item at issue. Generally, however, it should be noted that defendants are limited to offering only challenges to the facial validity of the state's proof of prior convictions. Lincoln v. State, 287 Ark. 16, 696 S.W.2d 316
(1985); Porter v. State, 281 Ark. 277, 663 S.W.2d 723 (1984); Hill v.State, 275 Ark. 71, 628 S.W.2d 285 (1982); Harris v. State, 273 Ark. 355,620 S.W.2d 289 (1981). The Arkansas Supreme Court set forth examples of such challenges in Harris, supra, stating:
 The Arkansas statute would allow Harris to attack the prior convictions on other grounds, but it does not allow him to try those cases again. For example, Harris could offer testimony that the evidence offered to prove the prior felonies did not consist of certified copies of the convictions or that he had not been represented by an attorney at the earlier trials. Harris could also offer evidence that he was not the same person as the Elisha Thomas Harris named in the earlier convictions. Leggins v. State, 267 Ark. 293, 590 S.W.2d 22 (1979). However, he made none of these claims.
Harris, 273 Ark. at 358.
The contents of the information should be drafted with facial challenges of this nature in mind.
Question 2 — Are the examples of habitual allegations under A.C.A. §5-4-501(a)-(d), listed on Attachment "A," legally sufficient to be a"statement of defendant's prior convictions," referred to in Att'y Gen.Op. No. 95-259?
An opinion as to the sufficiency of a hypothetical criminal information, in the absence of the surrounding facts and possible challenges thereto would be impossible, in light of the fact-intensive nature of the inquiries that would be necessary to such an opinion. I am able to state, however, that the examples that you have presented do appear to communicate a particular level of punishment that will be sought, and the basis therefor. As previously discussed in response to Question 1, these are essential elements that must be alleged in order to establish a foundation for presentation of proof of the alleged previous convictions, and for obtaining the level of punishment indicated. I also note that the language set forth in the examples tends to track the language of A.C.A. § 5-4-501, which, as I have indicated elsewhere in this opinion, is a safe course to follow. Nevertheless, challenges on other bases arising out of the facts of a particular case may be levied. For this reason, I am unable to opine conclusively as to the sufficiency of these examples.
Question 3 — Should habitual allegations pursuant to A.C.A. § 5-4-501(c)or (d) include a reference to "felonies involving violence," so as todistinguish them from allegations made pursuant to A.C.A. § 5-4-501(a) or(b)?
It is my opinion that habitual allegations need not use the words "felonies involving violence," as long as the words of the allegation are drafted so as to communicate that the enhanced punishment being sought is that authorized by A.C.A. § 5-4-501(c) or (d), as the case may be. See
response to Questions 1(a)-(d).
Question 4(a) — Should habitual allegations refer to the "one or moreseparate and distinct prior occasion" language in A.C.A. § 5-4-501(c), soas to distinguish them from allegations made pursuant to A.C.A. §5-4-501(a),(b), or (d)?
It is my opinion that habitual allegations need not use the words "one or more separate and distinct prior occasions," as long as the words of the allegation are drafted so as to communicate that the enhanced punishment being sought is that authorized by A.C.A. § 5-4-501(c). See response to Questions 1(a)-(d).
Question 4(b) — Should habitual allegations refer to the "two or moreseparate and distinct prior occasions" language in A.C.A. § 5-4-501(d),so as to distinguish them from allegations made pursuant to A.C.A. §5-4-501(a), (b), or (c)?
It is my opinion that habitual allegations need not use the words "two or more separate and distinct prior occasions," as long as the words of the allegation are drafted so as to communicate that the enhanced punishment being sought is that authorized by A.C.A. § 5-4-501(d). See response to Questions 1(a)-(d).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh