## Roger HILL *v.* STATE of Arkansas

CR 75-28             522 S.W. 2d 660

Opinion delivered May 19, 1975

*Barrett, Wheatley, Smith & Deacon,* by: *Tom D. Womack,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Roger Hill was convicted of selling a controlled substance (marijuana) and given a ten year sentence. For reversal he makes the following contentions:

> "I. The trial judge improperly permitted a witness subpoenaed by the defense to assert the privilege against self-incrimination.
>
> II. It was prejudicial error to allow the prosecuting attorney to repeatedly describe the appellant as a drug pusher in his closing argument when there was no reference to such term in the evidence and no reason for it to be inferred therefrom."

The record shows that Larry Jackson, an undercover agent, went by appellant's house to see his roommate. While talking to appellant in front of his apartment some young

boys came by and asked appellant if he had a "lid". Appellant told them "yes" and went into his apartment with the boys. When the boys left, appellant made inquiry as to why Jackson wished to see the roommate. When Jackson explained that he desired to purchase some marijuana, appellant invited him into the apartment. Inside the apartment appellant got an athletic traveling bag containing 25 to 30 lids of marijuana. Jackson purchased two lids for $30.00. Inside the apartment was a Negro male that introduced himself as Dewight. Dewight told Jackson that he had bought a "lid" from appellant.

At the trial appellant called as a witness Lisa Roddy. After ascertaining that Lisa Roddy knew Larry Jackson, appellant asked her, "Has Mr. Jackson, in your presence, in your view, ever attempted to smoke a marijuana cigarette or anything you think or know contain marijuana?" To this and other questions of like nature, the witness pleaded the Fifth Amendment. The record shows that Lisa Roddy was under indictment at the time on drug charges.

POINT I.   We find no merit in appellant's contention that the witness was improperly permitted to plead the Fifth Amendment. It was pointed out in *Emspak* v. *United States,* 349 U.S. 190, 75 S. Ct. 687, 99 L. Ed. 997 (1955), that to "sustain the privilege . . . it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question, or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."

POINT II.   Under the record presented it appears that appellant was fairly active in the sale of marijuana and consequently we cannot say the State's characterization of appellant as a "drug pusher" was not fair comment on the evidence.

Affirmed.