Elisha Thomas HARRIS *v.* STATE of Arkansas

CR 81-15                                    620 S.W. 2d 289

Supreme Court of Arkansas
Opinion delivered July 13, 1981

356

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Elisha Thomas Harris was found guilty of attempt to commit capital murder and the use of a firearm in the commission of the offense. The convictions were for the wounding of a state trooper, Bill Breshears, at Altus, Arkansas, on January 1, 1980. At the conclusion of the trial, the jury found Harris to be an habitual offender and sentenced him to life in prison with a fine of $15,000.00.

On appeal Harris raises only two issues, both of which are procedural. The first is that the trial court should have declared a mistrial after the judge commented on the testimony of a witness. The second claim is that the trial court erred in refusing to allow Harris to testify about his prior convictions.

Breshears had stopped Harris for a traffic violation in the early hours of New Year's day. Breshears was locking up Harris's vehicle when Harris shot the trooper in the head.

The trooper thought he had been hit from behind and began fighting with Harris in the parking lot where Harris's van had been pulled over. A passing motorist, Wanda Yother, stopped to assist the trooper and Harris was arrested at the scene shortly afterwards.

At the trial Breshears, the arresting officer, several members of the State Police investigative squad, and Mrs. Yother all testified. The prosecution also presented Mrs. Yother's thirteen year old daughter, Susan Yother. Susan testified, but was unsure of courtroom procedure and the judge had to calm her at the beginning of the young girl's testimony. When Susan finished testifying, the judge said: "You did a good job, Susan. You step down." At the end of the day the defense made a motion for a mistrial based on the fact that "the court inadvertently made a comment on the evidence when he told Susan Yother that she did a good job in her testimony.

The evidence of Harris's guilt was overwhelming. Susan was not a material witness since her view of the fight was from a parked car and she could not distinguish the combatants. No objections were made at the time the judge made the statement and there was no renewal of the motion for mistrial. We find that any error was harmless when viewed in the context of the entire record. In *Walker* v. *Bishop*, 408 F. 2d 1378 (8th Cir. 1969) the Court considered a trial court's remarks and found nothing in the remarks that indicated any opinion of guilt or "that could possibly have influenced the jury from exercising an impartial judgment." The *Walker* Court then stated the test that we apply here:

> [T]he only way to ascertain the true meaning or import of any isolated remark is to consider it in the light and context in which it is uttered. This is just plain common sense as well as good law.

The trial judge refused to declare a mistrial and we cannot say he was wrong. In *West* v. *State*, 255 Ark. 668, 501 S.W. 2d 771 (1973) this court held that the trial judge has wide discretion in granting or denying a motion for a

mistrial, and that we will not reverse a judgment unless there is an abuse of discretion or manifest prejudice to the complaining party.

Harris's second claim involves his five prior felony convictions, all of which were the result of guilty pleas. The jury found him guilty of four or more prior convictions. The prosecution offered certified copies of the convictions from the various Virginia counties where the crimes took place. During an in-chambers hearing Harris asked the trial court to allow him to present to the jury his contention that he was actually innocent of the three previous crimes and had only pleaded guilty on advice of counsel. Harris stated that his attorney in the earlier charges had told him that if he did not enter the pleas he would get more time on conviction of the two crimes that he had actually committed. In addition, Harris claimed that he had been released from jail on a Writ of Habeas Corpus on one of the crimes. However, the habeas did not go to his guilt or innocence, but pertained only to the amount of time served.

The trial judge refused to allow Harris to present these arguments to the jury. On appeal Harris argues that Ark. Stat. Ann. § 41-1005 (Repl. 1977) gives him the right to controvert evidence of his previous felony convictions. That is true, but the statute does not give Harris the right to argue his innocence at this late date when he has conceded that he pleaded guilty to each of the earlier felonies. Under *North Carolina* v. *Alford*, 400 U.S. 25 (1970), these guilty pleas would be valid even if Harris had made the claim of innocence at the time the pleas were entered.

The Arkansas statute would allow Harris to attack the prior convictions on other grounds, but it does not allow him to try those cases again. For example, Harris could offer testimony that the evidence offered to prove the prior felonies did not consist of certified copies of the convictions or that he had not been represented by an attorney at the earlier trials. Harris could also offer evidence that he was not the same person as the Elisha Thomas Harris named in the earlier convictions. *Leggins* v. *State*, 267 Ark. 293, 590 S.W. 2d 22 (1979). However, he made none of these claims. The

evidence offered to the *Harris* jury consisted of copies of five prior convictions and each copy showed that Harris had been represented by an attorney at the time the guilty plea was entered. The trial judge held that a claim of innocent to the earlier charges was not relevant to the present case. In *McConahay* v. *State*, 257 Ark. 328, 516 S.W. 2d 887 (1974) we noted that it is for the trial court to determine the preliminary issue as to admissibility of evidence.

Since this case involved a life sentence we have reviewed all errors prejudicial to the rights of the defendant, as required by Ark. Stat. Ann. § 43-2725 (Repl. 1977) and find none that will require us to reverse the conviction.

Affirmed.

ADKISSON, C.J., concurs in part, dissents in part.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion on two points. The first point is that I think the trial judge commented on the evidence and the second is the court improperly imposed limitations upon a convicted party in presenting evidence in mitigation of his sentence.

After a witness on behalf of the state testified in a very damaging manner against the appellant, the court stated: "You did a good job, Susan." It appears from the record that Susan was the only witness who testified that she saw the appellant using a flashlight or a club on the officer's head during the fight. The statement by the court may have been inadvertently made in one sense but it most certainly was consciously made and the jury was no doubt listening. No other witness received such comment by the court. It seems to me that the likely effect of this comment was to cause the jury to think that the trial judge was persuaded this young lady told the truth while she was on the stand. Actually, the testimony of the other witnesses contradicted what she said in many respects. Any way you measure it, it still amounts to a comment on the evidence and is prohibited by the

Constitution of the State of Arkansas. Art. 7, § 23; *Chicago, R.I. & Pac. R.R. Co.* v. *Adair*, 241 Ark. 412, 407 S.W. 2d 930 (1966).

The second point I disagree with the majority on concerns the handling of the sentencing phase of appellant's trial. The majority has now compounded the error which they committed in the case of *Hobbs* v. *State*, 273 Ark. 125 (1981). However, *Hobbs* did not go so far as the present case does. Had the appellant in the present case been allowed to take the stand and testify, as he wanted to, he would have been subject to cross-examination and therefore would not have been violating the rule laid down in *Hobbs*.

The Constitution of the State of Arkansas, Art. 2, § 10, states that an accused shall have the right to be heard by himself and his counsel. In other words, he has a constitutional right to address the jury. This was not necessarily denied in *Hobbs* v. *State*, supra, although there the majority did rewrite the legislation enacted by the Arkansas General Assembly to an extent. In the present case they have not only rewritten it, they have destroyed what was left of the statute.

Ark. Stat. Ann. § 41-1301 (4) (Repl. 1977) states:

... Evidence as to any mitigating circumstances may be presented by either the state or the defendant regardless of its admissibility under the rules governing admission of evidence in trials of criminal matters; ...

For the life of me I cannot see any words or inferences in the foregoing language which would prohibit a convicted person from stating that he only entered the former guilty pleas to keep from receiving more harsh punishment. The appellant was in effect attempting to deny his prior convictions. To disallow a convicted person to attempt to show that his prior convictions were the result of intimidation, coercion, mistreatment, or other unlawful means, would result in grave injustice. Ark. Stat. Ann. § 41-1005 (2) (Repl. 1977) states:

If the defendant is found guilty of the felony, the same

jury shall sit again and hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies. The defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

The majority opinion simply denies him the right to offer evidence in his support. He clearly wanted to testify that he was not guilty of some of the charges and that one of the conviction had probably been set aside. The trial court pulled from the air a rule that unless the appellant had something in writing with him to prove his allegations he could not present it to the jury. This cannot possibly have been the intention of the legislature when enacting this legislation. The state is not even bound by such a strict rule.

It is obvious the legislature intended to allow a convicted felon a rather free hand in presenting matters in mitigation. This is true because such presentations were exempted from the Rules of Evidence and no specific restrictions placed thereon except as to relevancy. Obviously, a person should not be allowed to retry his prior felonies; but, on the other hand, it is equally obvious that he should be able to tell the jury the circumstances surrounding the conviction if he so desired. Otherwise, both the constitution and the statutes which authorize him to offer evidence in his behalf are only partially effective. It is extremely unlikely that the appellant would have satisfied the trier of facts, beyond a reasonable doubt, that he was not guilty of the prior felonies. Nevertheless, he has the right to try. Ark. Stat. Ann. § 41-1003 (Repl. 1977). In this case had the jury believed the appellant if he stated that he did not have four convictions, his sentence could have been as low as ten years. On the other hand, his sentence was automatically from fifty years to life. Therefore, I am unwilling to participate in an opinion by this court which denies an appellant his constitutional and statutory rights.

ADKISSON, C.J., has authorized me to state he joins in that part of the dissent relating to evidence in mitigation.