Elisha Thomas HARRIS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 84–1247.

United States Court of Appeals,
Eighth Circuit.

Submitted July 5, 1984.

Decided Sept. 13, 1984.

Rehearing and Rehearing En Banc
Denied Oct. 24, 1984.

McMillian, Circuit Judge, specially concurred and filed opinion.

Donna Smith Galchus, House, Wallace & Jewell, P.A., Little Rock, Ark., for appellant, Elisha Thomas Harris.

Steve Clark, Atty. Gen., by Michael E. Wheeler, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Elisha Thomas Harris appeals from the federal district court's dismissal of his application for a writ of habeas corpus under 28 U.S.C. § 2254. For reversal Harris argues that the state court denied his sixth amendment rights (1) to a fair and impartial jury, by commenting on a witness' tes-

timony, and (2) to present witnesses on his own behalf, by refusing to admit testimony about prior convictions. We affirm.

Harris contends that the trial court improperly commented on the testimony of Susan Yother, a thirteen-year-old witness. At the conclusion of Susan's testimony the trial judge said, "You did a good job, Susan. You step down." Harris moved for a mistrial based upon this comment, claiming that the trial court's statement improperly bolstered the state's case. The trial court denied the motion.

■ Federal courts generally will not rule upon irregularities in state trial procedure unless the trial errors infringe upon a specific constitutional right or are so prejudicial that they deny due process. *Rhodes v. Foster*, 682 F.2d 711, 714 (8th Cir.1982); *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). Harris argues that the trial judge's statements infringed upon Harris' sixth amendment right to a fair and impartial jury.

■ To interpret the meaning or import of an isolated remark, this court considers it in context, *Walker v. Bishop*, 408 F.2d 1378, 1382 (8th Cir.1969), by employing a balancing test to determine whether the trial judge's comments adversely affected the overall fairness of the trial. *See United States v. Bland*, 697 F.2d 262, 265 (8th Cir.1983). The state contends that the trial judge's comments were not intended to emphasize the witness' testimony or credibility unduly, but were instead an attempt to put a young, uncomfortable witness at ease.

■ Harris maintains it is irrelevant whether or not the trial judge intended to lend credibility to the witness' testimony. Harris argues this court should look to how the jury may have interpreted the statement. Of course, we cannot be certain that a juror did not misinterpret the trial judge's comment. However, the witness' testimony was merely cumulative and did little to bolster the state's case, a case in which the Arkansas Supreme Court ob-

served that "[t]he evidence of Harris's guilt was overwhelming." *Harris v. State*, 620 S.W.2d 289, 290 (Ark.1981). Considering the comment in the context in which it was made and considering the value of the witness' testimony, we conclude the trial court did not violate Harris' sixth amendment right.

■ After the jury returned its verdict of guilty and during the penalty phase of the trial, the prosecution introduced certified copies of five Virginia felony convictions, all based on Harris' pleas of guilty. Harris testified outside the presence of the jury that he pled guilty to three of the felonies on the advice of counsel, but did not actually commit the felonies. The trial court refused to allow Harris to present his claim of innocence to the jury. Harris claims this refusal violated his sixth amendment right to be heard in his defense.

"[Q]uestions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." *Wallace v. Lockhart*, 701 F.2d 719, 724 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). The Arkansas statute in effect at the time of Harris' trial provided, in pertinent part, that

> [i]f the defendant is found guilty of the felony, the same jury shall sit again and hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

Ark.Stat.Ann. § 41–1005(2) (1977) (amended 1981). The Arkansas Supreme Court approved the trial judge's exclusion of the testimony on grounds of relevancy since Harris conceded that he pled guilty to the prior felonies. *Harris v. State, supra*, 620 S.W.2d at 291. We discern no sixth amendment violation in the Arkansas court's refusal to admit Harris' testimony. Harris

fails to allege any constitutional infirmity in the prior pleas. A claim of innocence of the crimes charged alone does nothing to detract from the validity of a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).

Accordingly, the judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, specially concurring.

I wholly concur in the result reached and write separately only to emphasize that district courts should not read the court's opinion as an endorsement of this kind of commentary, regardless of the intent, about the performance of witnesses in the presence of the jury. As appellant notes, this kind of commentary may appear, and can be so interpreted by a reasonable juror, to place the judicial thumb of approval on the scales of justice in the state's favor.

With respect to the exclusion of appellant's testimony about the circumstances surrounding his prior pleas of guilty, I would have given the statute in question a broader interpretation. The statute expressly provides that "[d]efendant shall have the right to hear and controvert such evidence and to offer evidence in his support." Ark.Stat.Ann. § 41–1005(2) (1981). In my view a broader interpretation would be more consistent with the purpose behind a bifurcated trial procedure; I would adopt a more inclusive standard of admissibility in the penalty phase. In any event, I recognize that the state supreme court has adopted a different interpretation and, because I can find no constitutional violation, I concur in the affirmance of the judgment of the district court.