Jimmy Lee OGLESBY, David Lee Ingram, Ambassador Books & Video *v.* STATE of Arkansas

CR 89-57                    773 S.W.2d 443

Supreme Court of Arkansas
Opinion delivered July 3, 1989

404

*John Wesley Hall, Jr.* and *Craig Lambert*, for appellants.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an obscenity case. The appellants, Oglesby and Ingram, operated Ambassador Books & Video (Ambassador) on Asher Avenue in Little Rock. They were convicted of promoting obscene material and each recieved a prison sentence of four (4) years and a fine of $8,000. Their business also received a $20,000 fine. Oglesby and Ingram appeal from their convictions raising nine points of error.

We summarily dismiss the appellants' four points of error that challenge the constitutionality of our obscenity laws. This court recently addressed and rejected these same arguments in *Dunlap* v. *State*, 292 Ark. 51, 728 S.W.2d 155 (1987). We address the remaining five points of error in the order presented by the appellants. They argue that the trial court erred (1) in denying the appellants' motion for mistrial because of the trial judge's comment during the showing of a film; (2) in admitting evidence of semen found on the floor of a viewing booth in the store; (3) in allowing testimony concerning the detective's observation of two men engaging in a sexual act in a viewing booth; (4) in ruling that the appellants' motion to suppress was untimely; and (5) in sustaining the inventory search of Oglesby's car and admitting into evidence $1,000 in quarters that were seized in that search. We find the appellants' arguments in points one, two and three have merit, and therefore we reverse and remand.

Between the time of September 1987 and March 1988, Detective Carlos Corbin visited Ambassador numerous times as part of an undercover investigation designed to find possible violations of the Arkansas obscenity laws. During his investigation, the detective purchased from Ambassador a pornographic video tape entitled, "Deep Chill," and a pornographic magazine, entitled, "All Tied Up." While visiting this "adult" book and

video store, Detective Corbin viewed portions of several pornographic movies in quarter-operated viewing booths, which were located near the back of the store. While in these booths, a viewer could use the channel selector and see parts of four or five different movies. As a viewer, Detective Corbin saw portions of a movie entitled, "Sticky Business." This movie was seized along with documents and financial records of Ambassador on March 3, 1988, pursuant to a search and seizure warrant. The appellants were charged with promoting obscene material in violation of Ark. Code Ann. § 5-68-303 (1987). Under Ark. Code Ann. § 5-68-302(4) (1987), obscene material means material which:

(A) Depicts or describes in a patently offensive manner sadomasochistic abuse, sexual conduct, or hard-core sexual conduct;

(B) Taken as a whole, appeals to the prurient interest of the average person, applying contemporary statewide standards; and

(C) Taken as a whole, lacks serious literary artistic, political or scientific value;

At the trial, the movies, "Deep Chill" and "Sticky Business" and the magazine, "All Tied Up," were shown to the jury.

During the viewing of "Sticky Business," a movie depicting six men engaging in sexual acts, the trial judge within the hearing of the jury, said, "I'm feeling ill. How much longer." The appellants made a motion for mistrial on the basis of this comment, and the trial judge denied the motion.[1] In their first point of error, the appellants argue that the trial court's denial of their motion for mistrial is reversible error. We agree.

A review of the record reflects that the trial judge was agitated by the length of the films shown to the jury. By remarks made to counsel in chambers when allowing the appellants' counsel to make their record, the judge added that his earlier

---

[1] The state argues that the appellants' motion for mistrial made after the state rested was untimely. However, the record reflects that the appellants' counsel made an earlier attempt to make his motion but had been deferred by the judge. Thus, we conclude that the motion for mistrial was made at the first opportunity. *Munnerlyn* v. *State*, 293 Ark. 209, 736 S.W.2d 282 (1987).

comment was also precipitated because he was about to "throw up out there (in the court room)." While it is understandable how the judge may have become sensitive to and distraught over the extended viewing of explicit sexual activity, the law requires the judge to exercise restraint in these circumstances. No principle is better settled than that a judge presiding at a trial should manifest the most impartial fairness in the conduct of the case. *Chapman* v. *State*, 257 Ark. 415, 516 S.W.2d 595 (1974). In recognition of the great influence a trial judge has on a jury, we have stated that the judge should refrain from impatient remarks or unnecessary comments which may tend to result prejudicially to a litigant or which might intend to influence the minds of the jury. *Id.* A comment by the trial judge expressing his opinion as to facts or evidence presented to the jury is reversible error. *See Walker* v. *State*, 253 Ark. 676, 488 S.W.2d 40 (1972).

In light of the importance of the film to the state's case against the appellants, the trial judge's comment is especially prejudicial. As stated by the U.S. Supreme Court, in pornography cases, the obscene material speaks for itself. *See Paris Adult Theater I* v. *Slaton*, 413 U.S. 49 (1973). The entire state's case against the appellants consisted of the pornographic materials and Detective Corbin's testimony. As the trial judge instructed and the state argued in this case, two of the elements of the crime with which the appellants were charged — promoting obscene materials — require that the jury find that the materials depict in a patently offensive manner sexual conduct, and appeals to the prurient interest of the average person. The trial judge's comment obviously reflected his own feelings on these legal aspects in the case, and as a consequence, may have influenced the jury's decision. Therefore, we must reverse on this point.

We also hold that the trial judge erred in denying appellants' motion in limine thereby allowing the state to introduce certain objectionable evidence. During Detective Corbin's investigation, he discovered a substance on the floor of one of the viewing booths. A sample of the substance was later analyzed and identified as semen. Also while in the viewing booth on another occasion, the detective looked through a hole between the booths and observed two men engaging in homosexual activity while watching an unidentifiable film. The appellants objected arguing the evidence was irrelevant and prejudicial. While the state argues that the

appellants failed to challenge the evidence of the sexual activity in their motion in limine, we find the record shows that both items of evidence were discussed by all the parties and ruled upon by the trial judge at the hearing on the motion.[2]

On appeal, the appellants renew their argument made below that the evidence in issue is irrelevant to the appellants' charge of promoting obscene material. Under A.R.E. Rule 401, evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Here, the appellants were charged with promoting obscene material, and the jury's job was to determine whether the materials produced by the prosecutor met the legal definition of obscenity. As stated earlier, one of the elements of the definition of obscenity, is that taken as a whole, the material appeals to the prurient interest of the average person, applying contemporary statewide standards.

██ In *Paris Adult Theater I* v. *Slaton*, 412 U.S. 49 (1973), the Supreme Court stated that in obscenity cases, the films are the best evidence of what they represent and are sufficient in themselves for the determination of the question. However, in *Splawn* v. *California*, 431 U.S. 595 (1977), the Court affirmed a jury instruction allowing the jury to consider circumstances of the sale and distribution of the material in considering whether the alleged obscene material was utterly without redeeming social importance. In so holding, the Court stated that evidence of pandering to prurient interests in the creation, promotion, or dissemination of the material is relevant in determining whether the material is obscene. An example of such evidence is cited in *Ginzburg* v. *United States*, 383 U.S. 463 (1966). In *Ginzburg*, the Court held that evidence of circulars sent stressing the sexual candor of the publications, advertising for one of the publications containing a reproduction of the introduction of the book which was preoccupied with the book's

---

[2] The state also contends that the court cannot address this issue because the appellants failed to make an objection at the time the evidence was introduced at trial. Since we hold that both items of evidence were raised in the motion in limine and overruled, no further objection is needed. *See Ward* v. *State*, 272 Ark. 99, 612 S.W.2d 118 (1981).

sexual imagery, and slips inserted in the advertising that stated that a full refund is guaranteed if the book fails to reach the buyer because of U.S. Post Office censorship interference were relevant in determining the ultimate question of obscenity.

As stated by the Supreme Court in *Splawn*, questions of what categories of evidence may be admissible and probative are for the courts of the States to decide. 431 U.S. at 599. From a review of the record in the present case, we observe that evidence, as that described in *Ginzburg* and *Splawn*, was introduced into trial through the testimony of Detective Corbin. For example, the detective testified about the following things: the way the magazines were categorized and displayed in the store; the way the video tapes were displayed; and the existence of a glass case displaying sexual novelty items. Further, the detective described in detail the viewing booths, including the fact that there were holes in the walls between some of the booths.

We believe that the testimony given by the detective can be characterized as evidence that showed how the appellants pandered to prurient interests. Such evidence, therefore, was clearly relevant to the determination by the jury of whether the materials at issue are obscene. The same conclusion cannot be reached concerning the state's introduction of the semen evidence and that testimony by Detective Corbin regarding the homosexual activity he viewed while on Ambassador's premises. Such evidence resulted from individual acts separate from the actual crime with which the appellants were charged. There was absolutely no evidence that showed the individual act or acts that caused the semen or the homosexual activity observed by Corbin were the result of the materials seized or purchased by the state. In sum, we are unable to hold that evidence of acts of individuals while in these booths watching films, not at issue at the trial, can be considered relevant evidence in the determination of whether the two movies and the magazine obtained from the appellants' store are obscene material.

Since we reverse on the trial court's denial of the appellants' motion for mistrial and motion in limine, we address the remaining issues only for guidance on retrial. At the trial, the appellants made a motion to suppress the seizure of the movie, "Sticky Business," and a motion to suppress boxes of quarters

seized from appellant Oglesby's car during an inventory search. The trial court dismissed both motions as being untimely. We agree. Pursuant to A.R.Cr.P. Rule 16.2(b), a motion to suppress must be filed no later than ten (10) days before the date set for trial of the case. This rule allows the court to entertain a motion at a later time only for good cause. Here, the appellants have failed to show good cause for either motion.

The appellants' basis for the motion to suppress the movie was that the detective made a false statement about watching the entire film in his affidavit supporting the warrant. According to the appellants, they first became aware that the detective had not watched the entire movie during his testimony. The record fails to support this allegation. The detective stated in the affidavit that he purchased $5.00 in quarters and viewed portions of several movies, the first being "Sticky Business." Likewise, the appellants failed to show good cause for the delay in the motion to suppress the boxes of quarters. The record clearly shows that the appellants were made aware of the prosecutor's intent to use this evidence at the trial in a hearing on a motion for return of the money over two months before the trial. The trial judge was correct in ruling that both of these motions were untimely.

For the reasons stated above, we reverse and remand this cause.