The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, Arkansas 72556-0420
Dear Representative Miller:
This official Attorney General opinion is rendered in response to a question you have raised concerning the unsolicited mailing of sexually explicit materials. You have enclosed a copy of such materials which were received by one of your constituents. You have presented the following question:
 Does any law prohibit the unsolicited mailing of sexually explicit materials?
It is my opinion that two Arkansas laws[1] could be used to prohibit the mailing of "obscene" materials.[2] The question of whether a mailing of the material in question would be prohibited by either of these laws will depend upon whether the material constitutes "obscene material," as defined in these laws. The question of whether any particular material is legally "obscene" is a question of fact that can only be determined conclusively by a court, in light of all of the attendant information. I am not authorized to make a factual determination of this nature. Op. Att'y Gen. No. 96-260. I therefore cannot opine definitively with regard to any particular sexually explicit material. I can, however, provide you with a discussion of the applicable laws, including their definitions of "obscene" and "obscene materials," upon the basis of which a court would evaluate the materials in question, and upon the basis of which it would determine whether a mailing of the material would be prohibited by law.
One of the Arkansas laws that could be used to prohibit the unsolicited mailing of sexually explicit materials is found at A.C.A. § 5-68-301
through -308. Two sections of that law could be construed to prohibit such activity. One of those sections is A.C.A. § 5-68-303, which states:
5-68-303. Promoting obscene materials.
 (a) Except as otherwise provided in 5-68-308, a person commits promoting obscene materials if he knowingly promotes, or has in his possession with intent to promote, any obscene material.
 (b) As used in this section, "material" means any writing, picture, motion picture, films, slides, drawings, or other visual reproductions.
(c) Promoting obscene materials is a Class D felony.
A.C.A. § 5-68-303.
In addition, A.C.A. § 5-68-306 states:
5-68-306. Publicly displaying obscene material for advertising
 (a) Except as otherwise provided in 5-68-308, a person commits publicly displaying obscene material for advertising purposes if' for advertising purposes, he knowingly:
 (1) Displays publicly or causes to be displayed publicly obscene material; or
 (2) Permits any display of obscene material on premises owned, rented, or operated by him.
 (b) "Displays publicly" means the exposing, placing, posting, exhibiting, or in any fashion displaying in any location, whether public or private, an item in such a manner that it may be readily seen and its content or character distinguished by normal unaided vision viewing it from a public thoroughfare or a vehicle on a public thoroughfare.
 (c) Publicly displaying obscene material for advertising purposes is a Class B misdemeanor.
 (d) In any prosecution for violation of this section, it shall be an affirmative defense for the defendant to prove that the public display:
 (1) Even though in connection with a commercial venture, was primarily for artistic purposes or as a public service; or
 (2) Was of nudity, exhibited by a bona fide art, antique, or similar gallery or exhibition and visible in a normal display setting.
A.C.A. § 5-68-306.
The term "obscene materials" is defined for purposes of the above-quoted sections, as follows:
(4) "Obscene materials" means that material which:
 (A) Depicts or describes in a patently offensive manner sadomasochistic abuse, sexual conduct, or hard-core sexual conduct;
 (B) Taken as a whole, appeals to the prurient interest of the average person, applying contemporary statewide standards; and
 (C) Taken as a whole, lacks serious literary, artistic, political, or scientific value.
A.C.A. § 5-68-302(4).
The above-quoted definition is drawn directly from the United States Supreme Court's decisions regarding obscenity. See Pope v. Illinois,481 U.S. 497 (1987); Miller v. California, 413 U.S. 15 (1973). This standard was most recently reiterated (in dicta) in Reno v. ACLU, ___ U.S. ___ (1997). The Arkansas Supreme Court has also reiterated this definition.See Dunlap v. State, 303 Ark. 222, 795 S.W.2d 920 (1990); Dunlap v.State, 292 Ark. 51, 728 S.W.2d 155, cert. denied, 484 U.S. 852 (1987).See also Oglesby v. State, 299 Ark. 403, 773 S.W.2d 443 (1989). For a discussion of the development of Arkansas' obscenity law, see Comment,The Arkansas Obscenity Doctrine: Its Establishment and Evolution,
47 Ark. L.R. 393 (1994).
It should be noted that in setting forth the various elements of obscenity, the statute makes use of the conjunction "and." Therefore, in order for material to be considered legally "obscene" for purposes of the above-quoted law, it must be characterized by all of the listed elements. Accordingly, in evaluating the materials about which you have inquired, a court would necessarily be required to determine, as a factual matter, whether the materials contain each of the elements set forth in the definition of obscenity quoted above.
The other Arkansas law that could be used to prohibit the unsolicited mailing of sexually explicit materials is A.C.A. § 5-68-401 through -416.[3] Section -405 of that law states:
5-68-405. Possession, sale, or distribution.
 (a) Every person who, with knowledge of its contents, sends or causes to be sent, or brings or causes to be brought, into this state for sale or commercial distribution, or in this state prepares, publishes, sells, exhibits, or commercially distributes, or gives away or offers to give away or has in his possession with intent to sell or commercially distribute or to exhibit or to give away, any obscene printed or written matter or material, other than mailable matter, or any mailable matter known by such person to have been judicially found to be obscene under this subchapter, or who knowingly informs another of when, where, how, or from whom or by what means any of these things can be purchased or obtained, shall be guilty of a felony and upon conviction shall be fined not more than two thousand dollars ($2,000) or be imprisoned for a period not less than one (1) year nor more than five (5) years, or be both so fined and imprisoned.
 (b) Every person who, with knowledge of its contents, has in his possession any obscene printed or written matter or materials, other than mailable matter, or any mailable matter known by that person to have been judicially found to be obscene under this subchapter, shall be guilty of a misdemeanor and upon conviction shall be fined not more than one thousand dollars ($1,000) or be imprisoned in the county jail for a period not to exceed one (1) year, or both.
A.C.A. § 5-68-405.
For purposes of the above-quoted provision, the term "obscene" is defined as follows:
 (2) "Obscene" means that to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest;
A.C.A. § 5-68-403(2).
Again, the question of whether any particular sexually explicit material falls within the legal definitions of "obscene" or "obscene material" is a question of fact that can only be determined conclusively by a court.
The above-quoted provisions of Arkansas law can provide you with the guidelines by which an Arkansas court will evaluate any materials under consideration.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Various federal statutes may also prohibit the unsolicited mailing of sexually explicit materials under certain circumstances. For thorough information concerning federal law that may be applicable to your question, I suggest that you contact the office of the U.S. Attorney.
[2] A.C.A. § 5-68-501 through -503 also prohibits providing certain sexually explicit materials to minors in exchange for consideration.
[3] It should be noted that the Publisher's Notes to this law, set forth in the Arkansas Code Annotated, indicate that this law may have been superseded by A.C.A. § 5-68-301 through -308. However, there has not been a judicial determination to this effect.